IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| IN RE STAR SCIENTIFIC, INC. | ) | Case No. 1:13cv550-AJT-JFA |
| DERIVATIVE LITIGATION | ) | |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| ALL ACTIONS | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE UNITED STATES FOR A STAY OF DISCOVERY**

The United States of America, by and through the undersigned attorneys, hereby applies

for a stay of discovery in the instant action pending resolution of the parallel criminal

prosecution in *United States v. Robert F. McDonnell and Maureen G. McDonnell*, No. 3:14cr12-

JRS.  The United States does not seek a blanket stay or otherwise seek undue restriction of this

civil proceeding.  Rather, the United States requests that the Court impose the stay as an

appropriate exercise of its inherent authority, narrowly tailored to protect the public interest in

the parallel criminal prosecution.

The United States has conferred with counsel for the plaintiff and he does not take a

position on this motion.  The United States has conferred with counsel for the defendants and he

does not object to this motion to intervene.

## I.     Background

### A.     The *Skillman* Consolidated Derivative Action

On May 2, 2013, plaintiff William Skillman filed a complaint in this derivative action

against Jonnie R. Williams, Paul L. Perito, Christopher Chapman, Neil L. Chayet, Ralph B.

Everett, and Burton J. Haynes.  (Docket No. 1.)  The complaint sought to hold these individual

1

members liable for actions taken during their tenure on the Star Scientific Board of Directors. This action is based on facts similar to the consolidated class action before United States District Judge John A. Gibney in Richmond.  *See In re Star Scientific Sec. Litig.*, No. 3:13cv183-JAG. On May 3, 2013, plaintiff David Inloes filed a similar derivative action in this division.  *Inloes v. Williams*, No. 1:13cv557-AJT-JFA.  (Docket No. 4.)  On May 23, 2013, the Court consolidated the *Inloes* case with the *Skillman* case.  On January 13, 2014, plaintiffs filed an amended consolidated complaint.  (Docket No. 15.)

The amended consolidated complaint alleges, in part, that the defendants engaged in illicit marketing of Anatabloc.  More specifically, it alleges that the defendants breached their fiduciary duties to Star Scientific by permitting the company to make false or misleading statements regarding clinical research on Anatabloc in press releases and SEC filings involving an alleged false affiliation with Johns Hopkins University.  *Id.* at ¶¶ 23-39.

**B.      The *Reuter* Consolidated Class Action**

On or about March 25, 2013, plaintiff Francis J. Reuter filed a complaint against Star Scientific, Inc.; Rock Creek Pharmaceuticals; Paul L. Perito; Jonnie R. Williams, Sr.; Park A. Dodd, III; and Curtis Wright.  *In re Star Scientific Sec. Litig.*, No. 3:13cv183-JAG (Docket No. 1).  The complaint alleged a class action and sought to recover damages because of the defendants' alleged violations of federal securities laws.  *Id.*  On or about June 21, 2013, the Court consolidated another complaint (No. 3:13cv287) with the first complaint.  (Docket No. 35.)  On or about September 5, 2013, the plaintiff filed an amended complaint against the defendants.  (Docket No. 39.)   The amended complaint alleges, in part, that defendant Jonnie R. Williams marketed Anatabloc in an illicit manner by engaging in a corrupt bribery scheme with

former Virginia Governor Robert F. McDonnell and former First Lady Maureen G. McDonnell. Docket No. 39, ¶¶ 48-51.)

    C.    **The Criminal Case**

    On or about January 21, 2014, a grand jury sitting in the Eastern District of Virginia returned a fourteen-count indictment against former Virginia Governor Robert F. McDonnell and his wife, Maureen G. McDonnell. *United States v. McDonnell*, No. 3:14cr12 (Docket No. 1.) Trial is scheduled to begin July 28, 2014. The indictment alleges that both defendants committed one count of conspiracy to commit honest-services wire fraud, in violation 18 U.S.C. § 1349; three counts of honest-services wire fraud, in violation of 18 U.S.C. § 1343; one count of conspiracy to obtain property under color of official right, in violation of 18 U.S.C. § 1951; six counts of obtaining property under color of official right, in violation of 18 U.S.C. § 1951; and one count of making false statements to a federal credit union, in violation of 18 U.S.C. § 1014. Robert McDonnell is also charged with an additional count of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014, and Maureen McDonnell is charged with one count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). The indictment alleges that both defendants

> participated in a scheme to use ROBERT MCDONNELL's official position as the Governor of Virginia to enrich the defendants and their family members by soliciting and obtaining payments, loans, gifts, and other things of value from [Jonnie R. Williams, Sr.] and Star Scientific in exchange for ROBERT MCDONNELL and the [Office of the Governor of Virginia] performing official actions on an as-needed basis, as opportunities arose, to legitimize, promote, and obtain research studies for Star Scientific's products, including Anatabloc.

*Id.* at ¶ 22. In sum, the indictment against the McDonnells is based in part on the same facts and alleges substantially similar conduct to that raised in the class action amended complaint. It is likely that there will be considerable overlap between potential witnesses in this action and those

who will testify during the criminal prosecution, especially the key witnesses. In addition, the United States intends to rely on documentary evidence during the criminal prosecution that will, in part, be the same as that which underlies this action.

       **D.**       **The Stay of the *Reuter* Consolidated Class Action**

On January 28, 2014, the United States filed a motion to intervene and a motion to stay discovery in the *Reuter* consolidated class action. *In re Star Scientific Sec. Litig.*, No. 3:13cv183-JAG (Docket Nos. 76-79). In essence, the United States argued that it had a right of intervention under Rule 24(a) of the Federal Rules of Civil Procedure because of its substantial interest in the subject matter of the civil suit or, in the alternative, it should be permitted to intervene under Rule 24(b) because of the common questions of law and fact between the class action and the criminal case. The United States also moved to stay the discovery in the *Reuter* action because, upon consideration of the competing interests between the civil and criminal actions, it was clear that a stay of civil discovery is favored.

Later that same day, the Court granted both the motion to stay and the motion to intervene. Discovery in the *Reuter* consolidated securities action is stayed until the conclusion of the jury trial or other disposition in the case of *United States v. Robert F. McDonnell and Maureen G. McDonnell*, 3:14cr12-JRS (E.D. Va.) (Docket Nos. 80-81).

**II.**      **Argument**

This Court has the inherent authority to issue a stay in this matter until the conclusion of the criminal trial. Upon consideration of the competing interests between the civil and criminal actions, it is clear that a stay of civil discovery is favored. The civil discovery process, if allowed to continue, will reveal information about key witnesses and documents to which the criminal defendants are not entitled. This would enable the criminal defendants to use the civil

discovery to circumvent the limitations on criminal discovery and thus prejudice the government's criminal prosecution. Disclosure of such information would compromise the public's right to a fair trial in the criminal action.  Finally, this brief stay of mere months will not prejudice the civil litigants, who have not yet begun discovery.

**A.      The Court has inherent authority to issue a stay.**

Courts have the inherent authority to enter a stay in a civil proceeding.  A court's authority to grant a stay derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g., United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (citing *Landis* for district court's authority to grant stay); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same); *Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262, at * 2 (E.D. Va. May 10, 2010) (Payne, J.) (same).  Courts may also stay civil proceedings "when the interests of justice seem to require such action."  *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *see also, e.g., Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375, (D.C. Cir. 1980).  Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone discovery, or impose protective orders in order to protect a pending criminal investigation or prosecution.  *See, e.g., In re Grand Jury Proceedings*, 995 F.2d 1013, 1018 n. 11 (11th Cir. 1993) ("[A] civil trial court may stay discovery until the grand jury investigation is completed. . . .  Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues.").

Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *See, e.g., McKnight*, 667 F.2d at 479 (vacating stay due to trial court's failure to weigh competing interests); *CMAX,* 300 F.2d at 268; *Sunbeam Products*, 2010 WL 1946262, at *2.  The Federal Circuit described this balance:

> In deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balance is the court's paramount obligation to exercise jurisdiction timely in cases properly before it.

*Sunbeam Products*, 2010 WL 1946262, at *6 (quoting *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

### B.    A balancing of the interests weighs in favor of issuing a stay.

The facts and issues presented in the complaint overlap with those alleged in the criminal indictment, and a balancing of interests weighs heavily in favor of staying discovery in this action.  *See Kreisler*, 563 F.3d at 1080 ("A district court may also stay a civil proceeding in deference to a parallel criminal proceeding . . . ."); *Dresser Indus.,* 628 F.2d at 1375; *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").  Indeed, courts have long recognized the important considerations in the balance when presented with a motion for a stay of civil discovery based on the pendency of a criminal case.  *See Campbell v. Eastland*, 307 F.2d 478, 487 & n.12 (5th Cir. 1962); *see also In re Grand Jury Proceedings*, 995 F.2d at 1018 n.11.

Civil discovery likely will frustrate the criminal prosecution, as the witnesses and documentary evidence overlap in large part.  Stays of discovery in civil actions reflect a recognition of the vital interests at stake in a criminal prosecution.  *See, e.g., United States v.*

*Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution."). Any interest the consolidated plaintiffs might have in moving forward with this matter, including through civil discovery, should not trump the United States' interest in preserving evidence or developing facts in a parallel criminal prosecution. As the Supreme Court observed in *Landis*, private litigants must recognize that "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience are to be promoted." *Landis*, 299 U.S. at 256. And as the Fifth Circuit has stated:

> There is a clear-cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. . . . The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case would be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell,* 307 F.2d at 487.

In addition, judicial economy weighs in favor of a stay. A stay should permit resolution of some of the disputed issues in this civil action and streamline the remainder. *See, e.g., In re Grand Jury Proceedings*, 995 F.2d at 1018 n. 11; *United States v. Mellon Bank*, 545 F.2d 869, 873 (3d Cir. 1976) (affirming a stay of discovery and stating: "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case"); *Brock v. Tolkow*, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (noting in granting a stay that "the resolution of the criminal case might reduce the scope of discovery in the civil case or

otherwise simplify the issues").  All of this will save the Court and the litigants time and resources when the stay is lifted at the conclusion of the criminal trial.

###### C.      Prejudice will result if the Court does *not* stay this action.

Substantial harm to the government's vital interest in enforcing the criminal law could flow from allowing discovery in the civil case to proceed, due to the danger that the broad civil discovery rules will circumvent the important limitations on discovery in criminal prosecutions. Indeed, as noted above, the Second Circuit has recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter." *Chestman*, 861 F.2d at 50.  The vastly different rules that apply to discovery in civil and criminal cases are important reasons for staying civil discovery in cases where there are related criminal proceedings.  *See, e.g.*, *Bridgeport Harbour Place I, LLC*, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); *Twenty First Century Corp.*, 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); *Campbell*, 307 F.2d at 478 (noting that a litigant should not be allowed to make use of liberal discovery procedures applicable to civil suits "as a dodge to avoid the restrictions on criminal discovery").

Unlike in a civil case, criminal defendants ordinarily are not entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules.  *See* Fed. R. Crim. P. 15(a).  Nor are they able to obtain documents reflecting prior statements of witnesses before trial.  *See* 18 U.S.C. § 3500.  The criminal discovery rules also

require production only of those documents that the United States intends to offer at trial, or that are material to the defense. *See* Fed. R. Crim. P. 16(1)(C). In addition, federal criminal practice allows a witness full choice over whether to speak with any of the parties or their representatives prior to testifying in a criminal case. That basic protection is unavailable to the same witness in a civil case. Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants.

Although the defendants in the civil case are not defendants in the criminal prosecution, many of the key witnesses and subject matters in both cases overlap. To allow discovery to proceed in this civil case would permit the criminal defendants to subvert the criminal discovery process.

Conversely, the parties in this civil case will not suffer prejudice if the matter is stayed. The Rule 16(b) Scheduling Order was entered on January 22, 2014, and mandates that discovery will be concluded by May 9, 2014. (Docket No. 24.) The criminal trial is scheduled for July 28, 2014, and should last approximately five to six weeks. Courts routinely grant stays of civil discovery while the United States concludes *an investigation* and seeks an indictment. *See, e.g.*, *Chestman*, 861 F.2d at 50; *SEC v. Downe*, 1993 WL 22126, at *1; *Campbell*, 307 F.2d at 480; *Raphael v. Aetna Cas. & Sur. Co.*, 744 F. Supp. 71, 73 (S.D.N.Y. 1990); *Bd. of Governors v. Pharaon*, 140 F.R.D. at 639; *R.J.F. Fabrics, Inc. v. United States*, 651 F. Supp. 1437 (U.S. Ct. Int'l Trade 1986); *Souza v. Shiltgen*, 1996 WL 241824, at *1 (N.D. Cal. May 6, 1986).

Here, a grand jury has returned an indictment, a jury trial date is scheduled, and the civil matter will only be delayed for a few months. Finally, as noted above, the defendants do not

oppose this motion, and the plaintiff takes no position.  Further, Judge Gibney already has granted a stay in discovery in the *Reuter* class action.

**III.     Conclusion**

      Based upon all of the foregoing reasons, the United States respectfully requests that the Court grant its application for a stay of discovery in the instant case pending the conclusion of the jury trial in the parallel criminal case involving substantially the same facts, circumstances, and witnesses as this case.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: _____/s/_____
Michael S. Dry
Jessica D. Aber
Ryan S. Faulconer
Counsel for the United States
U.S. Attorney's Office
600 E. Main Street, Suite 1800
Richmond, Va. 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: michael.s.dry@usdoj.gov
        jessica.d.aber@usdoj.gov
        ryan.faulconer2@usdoj.gov


Jack Smith
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

By: _____/s/_____
David V. Harbach, II
Counsel for the United States
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Avenue, N.W., Suite 12100
Washington, D.C. 20005
Phone: 202-514-1412
Fax: 202-514-3003
Email: david.harbach@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2014, a true and correct copy of the foregoing was

delivered to all counsel of record via the Court's Electronic Filing System.

By:     _____/s/_____
Jessica D. Aber
Virginia Bar No. 72680
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jessica.d.aber@usdoj.gov