## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE STAR SCIENTIFIC, INC. ) <br> DERIVATIVE LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> ALL ACTIONS ) <br> ) | Lead Case No.  1:13-CV-550-AJT-JFA |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES

Daniel M. Cohen (VA Bar No. 79836)
Email: danielc@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
211 North Union St, Suite 100
Alexandria, Virginia 22314
(202) 789-3960

Matthew M. Houston
Samuel K. Rosen
Benjamin I. Sachs-Michaels
HARWOOD FEFFER LLP
488 Madison Avenue
New York, New York 10022
(212) 935-7400
Email: mhouston@hfesq.com
Email: srosen@hfesq.com
Email: bsachsmichaels@hfesq.com

Joshua M. Lifshitz
LIFSHITZ LAW FIRM
821 Franklin Ave.
Suite 209
Garden City, NY 11530
(516) 493-9780

## PRELIMINARY STATEMENT

The initial complaint in this action was filed on May 2, 2013, nearly nine months ago. On December 30, 2013, Judge Trenga issued an order (the "Order") that required the parties, *inter alia*, to complete discovery by May 9, 2014.  Literally on the eve of the pretrial conference on January 22, 2014, defendants moved to stay this action.   Notwithstanding having had plaintiffs' document requests since August 2013, the Order since December 30, 2013, and the Consolidated Complaint since January 13, 2014, defendants for no valid reason cited in their moving papers, seek to prevent plaintiffs from litigating this action pursuant to the Order.

Local Rule 7(G) of this Court advises: "Continuances: […] No continuance will be granted other than for good cause and upon such terms as the Court may impose."  Local Rule 7(I) further advises: "Extensions: Any requests for an extension of time relating to motions must be in writing and, in general, will be looked upon with disfavor."   As demonstrated below, defendants proffer no good cause for staying this action and discovery should proceed in accordance with the Order.

## STATEMENT OF FACTS

This action arises out of the alleged harm caused to Star Scientific, Inc. ("Star Scientific" or the "Company") by breaches of fiduciary duties committed by defendants in their capacities as members of the Company's Board of Directors (the "Board").  Plaintiffs alleged that defendants' breaches occurred by virtue of their causing the Company to issue repeated false disclosures regarding its primary product.   ¶¶ 2-8.[1]   The harm caused by defendants' wrongdoing is extensive: the Company has received a warning letter from the U.S. Food and Drug Administration regarding the statements, is being investigated by the U.S. Attorney's Office for

---

[1]     Citations to "¶__" refer to the Consolidated Shareholder Derivative Complaint (the "Consolidated Complaint"), filed on January 13, 2014.  (ECF No. 15.)

the Eastern District of Virginia ("USAO"), and is the defendant in a securities fraud class action pending in this Court, Richmond Division, in which the court denied a motion to dismiss. *Reuter v. Star Scientific,* Case No. 3:13-cv-183 (the "Securities Class Action").

Plaintiff Skillman filed a derivative complaint on diversity jurisdiction grounds on May 2, 2013, and plaintiff Inloes filed a second derivative action, also on diversity jurisdiction grounds, on May 3, 2013.   On May 23, 2013, the Court entered an order consolidating the actions and appointing Co-Lead Counsel.   On August 12, 2013, plaintiffs served document requests on defendants' counsel.   On December 30, 2013, the Court entered an order directing discovery to commence and setting a deadline to complete discovery on May 9, 2014.   (ECF No. 14.)   Plaintiffs filed their Consolidated Complaint on January 13, 2014, and the parties submitted a joint discovery plan on January 15, 2014.   (ECF Nos. 15, 17).

On January 21, 2014, the day before the Initial Pretrial Conference, defendants filed a motion to stay discovery and initial disclosures.   Defendants' motion comes more than five months after plaintiffs served the first set of document requests and after the court directed discovery to commence.   Plaintiffs respectfully submit that defendants' motion should be denied and discovery should commence.

## ARGUMENT

### Legal Standard For A Motion To Stay Discovery

The decision whether to stay litigation is inherent within this Court's discretionary power to control its own docket.   *See Summer Rain v. Donning Co./Publ'rs, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992).   Defendants must demonstrate "good cause" in order to obtain a stay of their discovery obligations under Fed. R. Civ. P. 26.   *See* Fed. R. Civ. P. 26(c).   This means that they "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay… will work damage to some one else." *Landis v. N. Am. Co.*,

299 U.S. 248, 255 (1936); *AvalonBay Cmtys., Inc. v. San Jose Water Conservation Corp.*, C.A. No. 07-306, 2007 U.S. Dist. LEXIS 63773, at *4 (E.D. Va. Aug. 27, 2007) (hardship to the moving party must be balanced against the prejudice to the opposing party). Here, plaintiffs have alleged that the Company is subject to an ongoing harm due to its deficient corporate governance. ¶ 48.

In such a situation, the Fourth Circuit has explained that "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Assertions of harm with no evidentiary support are insufficient to carry this burden. "If hardship or inequity cannot be shown, a stay is not merited." *PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621, 631 (E.D. Va. 2009), *motion granted in part, denied in part*, C.A. No. 3:09cv194, 2010 U.S. Dist. LEXIS 17868 (Mar. 1, 2010); *Newbrough v. Piedmont Reg'l Jail Auth.*, 822 F. Supp. 2d 558, 588 (E.D. Va. 2011) ("equivocal assertions" that a stay would potentially facilitate settlement and failure to assert undue hardship or inequity, among other things, did not justify a stay). Defendants fail to carry their burden. A stay is not merited.

## I.    Discovery Should Proceed As Ordered By The Court

Plaintiffs served defendants with a first set of document requests via mail on August 12, 2013. The Court entered a Scheduling Order on December 30, 2013 stating that "[d]iscovery may begin as of receipt of this Order." The parties conferred pursuant to Rule 26(f) and filed a discovery plan with the Court on January 15, 2014. Thus, no procedural barriers remain to the initiation of discovery, which should now commence as ordered by the Court. *See* Fed. R. Civ. P. 34(b). In the absence of any remaining procedural obstacle, in order to avoid their discovery

obligations, defendants must demonstrate that a discretionary stay is warranted because without one they will endure clear prejudice.

Defendants fail to advance any evidence of prejudice because there is no prejudice here, let alone the "clear prejudice" necessary to warrant a stay.  Star Scientific is already producing documents in connection with subpoenas for an investigation by the USAO related to certain of the allegations in the Consolidated Complaint.  ¶¶ 6, 40, 49.  The Company has disclosed that it is "responding to the subpoenas and intend[s] to cooperate fully with the [USAO] investigation." ¶ 40.  On January 7, 2014, the court denied a motion to dismiss in the Securities Class Action.  In the Securities Class Action, the Company's answer was filed on January 24, 2014, and discovery is proceeding.  (3:13-cv-183, ECF No. 59 at 1.)

As a result, a large portion of the materials sought in plaintiffs' document requests have already been gathered and produced to the USAO, or is currently being gathered for production in the Securities Class Action.  Defendants' claim that producing material in this action is burdensome and expensive is not credible with much of the same material having already been produced, or being gathered for production to the USAO.  Further, the vast majority of discoverable material is in the possession of the Company, not the individual defendants moving to stay discovery.  Because only one of these six individuals is still a director at the Company, they do not speak for the Company nor do their representations regarding cost and burden to the Company carry any weight.  Thus, production here involves no clear prejudice to defendants in being required to go forward with discovery when this action has been pending for nearly nine months and plaintiffs' document requests were served over five months ago.

## II.    **Rule 23.1 Does Not Require A Stay**

The Federal Rules of Civil Procedure favor the early initiation of discovery in all civil actions, including derivative actions.[2]   Neither Rule 23.1 (governing derivative actions), nor the discovery rules create an exception to this general rule for derivative actions.   Discovery is not barred in derivative cases where a potential motion to dismiss due to insufficient demand futility allegations is filed or to be filed.  (Defs' Br. at 8-9.)  Here, that motion has not even been filed.

Under the Federal Rules, plaintiffs may initiate and continue discovery while defendants test the pleadings.   *In re Firstenergy S'holder Derivative Litig.*, 219 F.R.D. 584, 587 (N.D. Ohio 2004) (the court was "utterly unconvinced" that it should stay discovery based on the speculative harm that documents produced in a derivative action would aid plaintiffs in a related securities class action); *Sonkin v. Barker,* 670 F. Supp. 249, 253 (S.D. Ind. 1987) (denying motion to stay derivative action where defendants argued a stay was implicit in Rule 23.1).   There is no automatic stay of discovery in a derivative action pending in federal court, nor is there any rule absolutely barring plaintiffs' use of discovery obtained from the defendants or anyone else to aid

---

[2]        Defendants argue, without support, that Delaware law governs the discovery schedule in a derivative action in federal court.  (Defs' Br. at 9.)  Defendants are wrong.  The Federal Rules of Civil Procedure, not Delaware procedural law, govern the timing of discovery in all actions, including derivative actions, filed in federal court.  *In re Openwave Sys. Inc. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1352 (N.D. Cal. 2007) (Although federal courts look to Delaware law to determine demand futility under Rule 23.1, "[t]here is *no authority* for the proposition, however, that federal courts must also follow Delaware's related discovery rules.") (emphasis added).   Rules governing discovery are procedural in nature and the federal rules govern discovery in civil actions pending in federal court.  *See Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000) ("discovery disputes in federal courts are governed by federal law"); *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) ("[d]iscovery in civil litigation pending in a federal court is governed by the Federal Rules of Civil Procedure"); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) ("discovery in civil actions brought in federal courts is governed by the Federal Rules of Civil Procedure").   Defendants' citations to Delaware state court cases construing Delaware Chancery Court Rule 23.1, as opposed to Fed. R. Civ. P. 23.1, are thus inapplicable.  (Defs' Br. at 10.)

in the pleading of futility of demand with particularity. *See, e.g.*, *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (in derivative action, "'the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion [to dismiss].'") (citation omitted).

Although some courts have exercised their discretion to stay discovery in a particular derivative action while a motion to dismiss was pending, Rule 23.1 does not impose a requisite discovery stay, nor does it even mention discovery or a stay of any type.[3] *See* Fed. R. Civ. P. 23.1. "Rule 23.1 does not address discovery, neither allowing nor prohibiting it." *Fagin v. Gilmartin*, 432 F.3d 276, 285 n.2 (3d Cir. 2005) (holding that "discovery in the demand-refused context is procedural, so federal law applies here."). Rule 23.1 requires that derivative plaintiffs "state with particularity" any effort made to obtain the desired action from directors, and "the reasons for not obtaining the action or making the effort." Plaintiffs have done this and believe the Consolidated Complaint in its current form will withstand a motion to dismiss for failure to make a demand. Discovery is sought here not to bolster the Consolidated Complaint's demand futility allegations, but to move this case toward a resolution.

Defendants' cases stating that "the stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case," (Defs' Br. at 9) stand for the unremarkable proposition that plaintiff is required to plead demand futility with particularity. Plaintiffs here have not pled in general terms, but have pled with ample particularity. But even if plaintiffs acquired additional information to bolster their demand futility allegations, such information could be used to bolster them. In this regard, defendants mis-cite *In re Merck & Co.*

---

[3]    *See, e.g., In re First BanCorp Derivative Litig.*, 407 F. Supp. 2d 585, 587 (S.D.N.Y. 2006) (analyzing whether Rule 23.1 required an automatic stay of discovery but then "in the exercise of its discretion" staying discovery).

*Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) for the proposition that plaintiffs may not bolster demand futility arguments with material obtained through discovery. (Defs' Br. at 9.)  However, in *Merck* the Third Circuit in fact *reversed* the district court's denial of leave to amend where "the District Court . . . held, as a matter of law, that after-acquired information obtained through the stipulated discovery agreement could not be used to supplement the plaintiffs' demand futility allegations."  *Id.* at 399.  In short, *Merck* lends no support to defendants' argument.  Furthermore, in so deciding, the court also made clear that Rule 23.1 contains no blanket discovery stay.[4]  Defendants' argument that Rule 23.1 requires a discovery stay in this action is thus unsupported and should be denied.

## III.   The PSLRA Does Not Require A Stay In This Action

The automatic PSLRA discovery stay is not applicable here.  The PSLRA provision concerning discovery stays applies only to *securities fraud* actions.  Here, plaintiffs do not assert any securities fraud claims; their Section 14(a) claim sounds only in negligence.  "[T]here is no authority establishing whether 'any private action' includes derivative actions. The few courts that have applied this clause of the PSLRA to derivative actions have primarily done so where the action also includes *a class action* security [sic] fraud claim."  *In re Openwave Sys. Inc.*, 503 F. Supp. 2d at 1352.  In *Openwave*, as here, plaintiff alleged a proxy violation asserted derivatively under Section 14(a) of the Exchange Act.  Thus, defendants' citations of *In re Marvell Tech. Group Ltd. Deriv. Litig.*, No. C-06-03894 RMW, 2007 U.S. Dist. LEXIS 41268, at *7 (N.D. Cal. May 29, 2007), and *In re Altera Corp. Deriv. Litig.*, No. C 06-3447 JW, 2006

---

[4]      The only other federal case cited by defendants on this point also does not provide that Rule 23.1 contains a discovery stay.  *See In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973).

WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006) are analogous to *Openwave*'s analysis because both actions concerned alleged Rule 10b-5 fraud claims.

Defendants cite *In re Trump Hotel S'holder Derivative Litig.*, No. 96 Civ. 7820 (DAB), 1997 U.S. Dist. LEXIS 11353, at *5 (S.D.N.Y. Aug. 5, 1997), which applied a PSLRA discovery stay in a derivative action alleging only state law claims and a proxy claim.  However, that decision has been explained by subsequent cases in that district to allow discovery when a separate basis for federal jurisdiction, namely diversity, is also alleged.[5]  "[T]he automatic stay mandated by the PSLRA cannot prohibit discovery on non-fraud common law claims arising under the Court's diversity jurisdiction." *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 169 (S.D.N.Y. 2001).  Therefore, even if the Court were to decide that the PSLRA applies to plaintiff's Section 14(a) claim, which plaintiffs believe it does not, discovery can proceed on the independent state law claims now.  *See also In re First BanCorp.*, 407 F. Supp. 2d at 586.  In *First BanCorp*, the court distinguished actions, where, as here, there is not present "both federal class action securities fraud claims and state law derivative claims." *Id.*  The court continued by affirming that "separate derivative actions are not automatically subject to the discovery stay of the PSLRA" because such actions are not "subject to many of the class action abuses at which the PSLRA was especially directed . . . ." *Id.*

## IV.   **Defendants Do Not Speak For The New Board**

Defendants' unsupported final argument, that discovery should be stayed so the new Board can investigate the wrongdoing must be rejected.  (Defs' Br. at 10-11.)  With the exception of defendant Chapman, defendants are not members of the new Board.  They have

---

[5]    The initial complaints of both plaintiffs alleged diversity jurisdiction.  While the Consolidated Complaint only references federal question jurisdiction, diversity jurisdiction still exists.

offered no affidavit or any other factual support for their contention that the new Board needs time to review the action.  The two cases cited to by Defendants (Regions Morgan Keegan *Securities, Derivative, ERISA Litigation*, 742 F. Supp. 2d 917, 923-24 (W.D. Tenn. 2010) and *Braddock v. Zimmerman*, 906 A.2d 776, 785-86 (Del. 2006)) are distinguishable.  In those actions, plaintiffs either served or were required to serve a demand on the new independent board of directors.  Once a demand is served on the board, the board is required to investigate. Moreover, the cases cited by defendants were not "validly in litigation" since the derivative claims were dismissed by the courts and the plaintiffs were required to amend their complaints. There is thus no basis to believe that anything would be accomplished by staying this action on these grounds.

## CONCLUSION

Plaintiffs respectfully request that the Court deny defendants' motion to stay discovery and initial disclosures.


Dated: January 29, 2014                           By:     /s/ Daniel M. Cohen

                                                     DANIEL M. COHEN
(VA Bar No. 79836)
CUNEO GILBERT
& LADUCA, LLP
211 North Union St., Suite 100
Alexandria, VA 22314
(202) 789-3960

Plaintiffs' Liaison Counsel

MATTHEW M. HOUSTON
SAMUEL K. ROSEN
BENJAMIN I. SACHS-MICHAELS
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
(212) 935-7400

JOSHUA LIFSHITZ
LIFSHITZ LAW FIRM
821 Franklin Avenue
Suite 209
Garden City, NY 11530
(516) 493-9780

Plaintiffs' Co-Lead Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2014, a true and correct copy of the foregoing was

delivered to all counsel of record via the Court's Electronic Filing System.


By:    /s/ Daniel M. Cohen
        DANIEL M. COHEN
        (VA Bar No. 79836)
        CUNEO GILBERT
        & LADUCA, LLP
        211 North Union St., Suite 100
        Alexandria, VA 22314
        (202) 789-3960