**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| IN RE STAR SCIENTIFIC, INC. | ) | |
| DERIVATIVE LITIGATION | ) | |
| | ) | Lead Case No.  1:13-CV-550-AJT-JFA |
| This Document Relates to: | ) | |
| | ) | |
| ALL ACTIONS | ) | |
| _____ | ) | |

**NOMINAL DEFENDANT**
**STAR SCIENTIFIC, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO STAY OR DISMISS PROCEEDINGS**

Nominal Defendant Star Scientific, Inc. ("Star Scientific" or the "Company") respectfully

submits this Memorandum of Law in Support of its Motion to Stay or Dismiss Proceedings.

**PRELIMINARY STATEMENT**

The Company seeks to stay or dismiss the proceedings in this derivative action (in which

discovery is already stayed), pending resolution of a consolidated securities class action relating

to the same subject matter, so that the Company's new board of directors may have an

opportunity to conduct an investigation of the claims in this action and determine what action the

Company should take with respect to those claims.

Prior to the filing of the Amended Complaint in this action, the Company's stockholders

elected a new board of directors.  Five out of six members of the new board are not defendants in

this action and were not members of the board at the time of the matters that are subjects of this

action.  The new board has retained counsel to move to stay or dismiss this action pending

resolution of the related consolidated securities class action in order to permit the New Board to

have an opportunity to fully investigate the claims in this action.  Under applicable Delaware

law, the new board's independent business judgment is entitled to deference, and this action

should be stayed or dismissed.

This action should also be stayed or dismissed on ripeness and other grounds.  The

allegations in this action are based on the same underlying alleged wrongful conduct that serves

as the basis for a consolidated securities class action pending in Eastern District of Virginia -

Richmond Division.[1]  Damages in this derivative action are predicated on a finding of liability

against the defendants (the Company's old board) in the consolidated securities class action.  A

stay or dismissal of the proceedings in this derivative action is therefore in the interests of

judicial economy.  A full or partial verdict in the defendants' favor in the securities action could

potentially moot some or all of the claims in this action, thereby reducing the scope of the issues

in this action and the corresponding strain on the Court's and the parties' resources.  Moreover,

the Company should not be forced into making statements in this dependent derivative action

that could be binding on it in the underlying consolidated securities class action.

For these reasons and those set forth below, the Court should grant the Company's

Motion to Dismiss or Stay Proceedings.

## BACKGROUND

### A.      The Parties

Star Scientific, a Delaware corporation, is a technology-oriented company that produces

products with an emphasis on healthy metabolism and lifestyle.  (Dkt.# 15 at ¶¶14, 15.)  Rock

Creek Pharmaceuticals, Inc., a subsidiary of Star Scientific, produces and sells "nutraceutical"

dietary supplements, including Anatabloc® and CigRx®.  (Id. at ¶15, 28.)

Defendants Williams, Perito, Haynes, Chapman, Chayet, and Everett (the "Old Board")

served on the Company's Board of Directors from various times until December 27, 2013, when

---

[1]     Discovery in the securities class action has already been stayed pending resolution of criminal proceedings, also based on some of the same underlying alleged wrongful conduct.

the Company's stockholders elected Benjamin Dent, Michael Mullen, Scott Sensenbrenner, Naomi Whittel, and Thomas Wilson as the Company's new Board of Directors (the "New Board"). (Declaration of Robert Pokusa ("Pokusa Decl.") ¶¶3, 4.) Chapman remains the only holdover member on the New Board, but he is not participating in the New Board's deliberations regarding this derivative action. (Id. ¶5.) Accordingly, five out of six of the new directors are not defendants in this action and were not on the board at the time of the matters that are the subject of this action. The New Board has retained the Delaware law firm of Proctor Heyman LLP as special counsel to the Company in connection with this derivative action. (Declaration of Kurt M. Heyman ("Heyman Decl.") ¶3.)

## B.    The Consolidated Securities Class Action

On March 25, 2013, Francis J. Reuter ("Reuter") filed a class action in the Richmond Division of this District seeking to represent a class of purchasers of Star Scientific's stock against Star Scientific, Williams, Perito, Rock Creek Pharmaceuticals, Inc. ("Rock Creek"), Park A. Dodd, III ("Dodd"), and Curtis Wright ("Wright"), entitled Reuter v. Star Scientific, No. 3:13 CV 183 ("Reuter Action").[2] (Reuter Action Dkt.# 1.) The complaint in the Reuter Action asserts claims for (1) Violations of Section 10(b) and Rule 10b-5, and (2) Violations of Section 20(a) of the Exchange Act. (Id.)

On May 7, 2013, Marty Cole filed a separate class action complaint in the Richmond Division of this District against Star Scientific, Williams, Perito, Rock Creek, Dodd, and Wright, entitled Cole v. Star Scientific, No. 3:13 CV 287 ("Cole Action") asserting the same claims during the same class period (October 31, 2011 and March 18, 2013) as the Reuter Action. (Cole Action Dkt.# 1.) On June 21, 2013, the Court consolidated the Reuter Action and Cole Action

---

[2]    Dodd is Star Scientific's Chief Financial Officer. (Reuter Action Dkt.# 39 at ¶23.) Wright is Star Scientific's Senior Vice President and Medical/Clinical Director. (Id. at ¶24.).

(hereinafter "Consolidated Securities Class Action").  (Reuter Action Dkt.# 35.)  On September

5, 2013, the lead plaintiff in the Consolidated Securities Class Action filed a Consolidated

Amended Complaint asserting claims for (1) Violations of Section 10(b) and Rule 10b-5, and

(2) Violations of Section 20(a) of the Exchange Act.  (Reuter Action Dkt.# 39.)

  The plaintiff in the Consolidated Securities Class Action asserts claims based on a "fraud

on the market" theory.  (See, e.g., id. at ¶¶4-13.)  Specifically, the plaintiff alleges that Star

Scientific made materially false and misleading statements in press releases and SEC filings

regarding clinical research on Anatabloc® involving an alleged false affiliation with Johns

Hopkins University and concealed private placements and related-party transactions.  (Id.)

According to the plaintiffs, the Company's stock traded at artificially inflated levels during the

class period and when the purported "truth" regarding clinical research on Anatabloc® and its

alleged false affiliation with Johns Hopkins University was revealed, Star Scientific's stock

dropped immediately by over 11%.  (Id. at ¶¶13, 104.)

  On October 25, 2013, the defendants filed a motion to dismiss the Consolidated

Securities Class Action.  (Reuter Action Dkt.# 47.)  On January 7, 2014, the Court indicated that

it would not dismiss the case at that time.  (Reuter Action Dkt.# 47.)  On January 24 and January

31, 2014, the defendants answered the Complaint (Reuter Action Dkt.#s 74 and 85.)  On January

28, 2014, the United States of America moved to intervene, and submitted a Motion to Stay

Discovery in the Consolidated Securities Class Action pending resolution of a criminal case

captioned United States v. Robert F. McDonnell & Maureen G. McDonnell, No. 3:14CR012-JRS

(E.D.Va) (the "Criminal Matter").  (Reuter Action Dkt.#s 76-79.)  The Court granted the motion

to stay on January 29, 2014, and ordered that discovery in that action be stayed until the

conclusion of the jury trial or other disposition in the Criminal Matter.  (Reuter Action Dkt.# 81.)

C.     **This Action**

On May 2, 2013, William Skillman filed his Complaint in this derivative action seeking

to hold the individual members of Star Scientific's Old Board of Directors liable for the

wrongdoing alleged in the Consolidated Securities Class Action.  (Dkt.# 1.)  On May 3, 2013,

David Inloes filed a derivative action against Defendants in this District, entitled Inloes v.

Williams, No. 1:13 CV 00557 AJT-JFA ("Inloes Action").  (Inloes Action Dkt.# 1.)  Inloes'

complaint asserted the same claims based on the same facts as Skillman, and on May 23, 2013,

the Court consolidated the Inloes Action with this action.  (Dkt.# 4.)

On January 13, 2014, Plaintiffs filed an Amended Consolidated Complaint (the

"Amended Complaint").  (Dkt.# 15.)  The Amended Complaint asserts claims for (1) Breach of

Fiduciary Duty, (2) Abuse of Control, and (3) Violations of Section 14(a) of the Securities

Exchange Act of 1934.  (Id.)  At its core, the Amended Complaint alleges that the Individual

Defendants breached their fiduciary duties to Star Scientific by permitting it to make false or

misleading statements regarding clinical research on Anatabloc® in press releases and SEC

filings involving an alleged false affiliation with Johns Hopkins University and concealing

private placements and related-party transactions.  (Id. at ¶23-47.)  Several of these claims are

based on the same underlying purported wrongful conduct alleged in the Consolidated Securities

Class Action.  Specifically, the Amended Complaint alleges that the Old Board acquiesced in

and concealed private placements and related-party transactions dating back to 2006.  (Id. at ¶¶5,

40.)  The Amended Complaint also alleges that Star Scientific falsely stated that Johns Hopkins

University was involved in the research of Anatabloc® and its active ingredient.  (Id. at ¶¶2-3,

33.)  As stated above, the Consolidated Securities Class Action is based on the same underlying

alleged wrongful conduct.  Moreover, it is clear that there can be no liability in this derivative

action unless there is liability in the Consolidated Securities Action.

On January 21, 2014, the Individual Defendants moved to Stay Discovery and Initial Disclosures (Dkt.# 19), and Plaintiffs opposed the motion on January 29, 2014.  (Dkt.# 39.)

On January 29, 2014, the United States of America also moved to intervene in this action, and submitted a Motion to Stay Discovery and Initial Disclosures pending resolution of the Criminal Matter.  (Dkt.# 34-36.)  The trial in the Criminal Matter is expected to begin on July 28, 2014.  (Dkt.# 36 at 3.)  On January 30, 2014, the United States' motion was granted in part and denied in part, and the Court ordered that, other than the exchange of initial disclosures, discovery was stayed until the conclusion of the jury trial or other disposition in the Criminal Matter.  (Dkt.# 41.)

### D.      The Company's New Board

As noted above, the Company's stockholders elected the New Board at the end of 2013. (Pokusa Decl. ¶4.)  The composition of the New Board is entirely different from the Old Board (whose members are defendants in this action and the Consolidated Securities Action), with the exception of one holdover director who is not participating in the New Board's deliberations regarding this action.  The New Board has retained the Delaware law firm of Proctor Heyman LLP, a firm with experience in derivative litigation and investigations of derivative claims, as special counsel to the Company in connection with this derivative action.  (Heyman Decl. ¶3.) The New Board has determined that it is in the Company's best interests to seek to stay or dismiss this action pending resolution of the Consolidated Securities Class Action in order to permit the New Board to have an opportunity to fully investigate the claims in this action.

### ARGUMENT

### A.      A Stay Pending Resolution of the Consolidated Securities Class Action is Appropriate to Permit the Company's New Board to Investigate

Under Delaware law, which governs the internal affairs of the Company, the board of directors has the statutory right to direct and control corporate claims that can be asserted derivatively by a stockholder as an asset of the corporation.  Hamilton P'rs, L.P. v. England, 11 A.3d 1180, 1202 (Del. Ch. 2010).  "If a claim belongs to the corporation, it is the corporation, acting through its board of directors, which must make the decision whether or not to assert the claim."  Grimes v. Donald, 673 A.2d 1207, 1215 (Del. 1996), overruled in part on other grounds, Brehm v. Eisner,746 A.2d 244 (Del. 2000); see also 8 Del. C. §§ 14l(a), (c).

The New Board has determined that it is in the Company's best interests for this action to be stayed pending resolution of the Consolidated Securities Class Action in order to permit it to have an opportunity to fully investigate these matters.  This is well within the New Board's authority with respect to this derivative suit brought on behalf of the Company that the New Board manages.  As the Delaware Supreme Court has noted under circumstances similar to those here in Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006) (citations omitted):

> [T]here are several legal options that protect the . . . power of a board to manage the corporation's business and affairs.  When a derivative action is pending, a board "comprised of new directors who are under no personal conflict with respect to prosecution of a pending derivative claim . . . may cause the corporation to act in a number of ways with respect to that litigation."  For example, the new board can take control of the litigation by becoming realigned as the party plaintiff; move to dismiss the action as not in the corporation's best interest; permit the plaintiff to carry the litigation forward; or appoint a special litigating committee to determine what action to take.

Here, the New Board has made the modest determination that this action should be stayed pending resolution of the Consolidated Securities Class Action to permit it to conduct an investigation.  This exercise of independent business judgment is entitled to deference from the Court.

When an independent board or committee has determined to investigate matters that are

7

the subject of a derivative action, the Delaware courts have consistently held that the derivative

litigation will generally be stayed as a matter of course, in order to allow the board or committee

to complete its investigation.  In re InfoUSA, Inc. S'holders Litig., C.A. No. 1956-CC, 2008 WL

762482, *2 (Del. Ch. Mar. 17, 2008).  The board or committee "should be afforded a reasonable

time to carry out its function" and it is further "reasonable to hold normal discovery and other

matters in abeyance during this interval."  Abbey v. Computer & Commc'ns Tech. Corp., 457

A.2d 368, 375 (Del. Ch. 1983).  The purpose of such a stay is to avoid waste: "If a derivative

plaintiff were to be permitted to depose corporate officers and directors and to demand the

production of corporate documents, etc., at the same time that a duly authorized litigation

committee was investigating whether or not it would be in the best interests of the corporation to

permit the suit to go forward, the very justification for the creating of the litigation committee in

the first place might be subverted."  Id.  Therefore, "the right of the independent committee [or

board] to investigate and report its findings must take priority over any entitlement of the

plaintiff to go forward with the pending action."  Id. at 376.  See also Kaplan v. Wyatt, 484 A.2d

501, 510 (Del. Ch. 1984), aff'd, 499 A.2d 1184 (Del. 1985).  Cf. In re Regions Morgan Keegan

Sec., Derivative, & ERISA Litig., 742 F. Supp.2d 917, 923-24 (W.D. Tenn. 2010) (election of a

new board and filing of an amended complaint justified staying an action pending the new

board's investigation and declaration of intent as to the action).

　　　　The New Board has determined that it is in the Company's best interests for this case to

be stayed or dismissed pending resolution of the Consolidated Securities Class Action in order to

permit the New Board to have an opportunity to fully investigate the alleged wrongdoing,

because the conclusion of the investigation could well be affected by the outcome of the

Consolidated Securities Class Action.  Among other things, any damages in this derivative action

are necessarily predicated on a finding of liability in the Consolidated Securities Class Action. The New Board's reasonable exercise of independent business judgment regarding the stay it needs to conduct its investigation should be respected.  Cf. Morefield v. Bailey, Case No. 1:12-cv-1468 (GBL/TCB), 2013 WL 4010295, at *3, *8 (E.D. Va. Aug. 6, 2013) (dismissing complaint alleging that board acted improperly by refusing shareholder demand pending outcome of underlying federal securities class action); Piven v. Ryan, No. 05 CV 4619, 2006 WL 756043, at *4 (N.D. Ill. Mar. 23, 2006) ("the court concludes that the board's decision to postpone its investigation is reasonable given that it is currently litigating related issues in state court").

**B.      This Action Should Be Stayed or Dismissed Pending Resolution of the Consolidated Securities Class Action on Ripeness and Other Grounds**

In addition to the foregoing reasons, the Court should stay or dismiss this action pending resolution of the consolidated securities class action on ripeness and other grounds.

A court's power to grant a motion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). When determining whether to stay proceedings, a court "must weigh competing interests and maintain an even balance.'"  Id. at 254-55.  A court considering a motion to stay should consider relevant factors, such as (1) hardship and prejudice to the moving party if the court denies the motion, (2) contingent nature of relief, (3) judicial economy, and (4) potential prejudice to the non-moving party if the court grants the motion.  See, e.g., Murphy-Pittman v. DePuy Orthopaedics, Inc., No. 3:12-CV-3179-JFA, 2012 WL 6588697, at *1 (D.S.C. Dec. 17, 2012) (quoting Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)); see also In re Mut. Funds Inv. Litig., No. MDL 1586, 2011 WL 1540134, at *1 (D. Md. Apr. 20, 2011) (considering

factors including judicial economy, hardship, and burden on nonmovant).  A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Virginia, Inc., C.A. No. 3:11-CV-299, 2011 WL 3322554, at *1 (E.D. Va. Aug. 2, 2011) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

> **i.      The Company will Suffer Prejudice if the Court Denies this Motion**

The Company will suffer prejudice if this derivative action is not stayed pending resolution of the Consolidated Securities Class Action.  If this action is not stayed, the Company will be forced to expend resources and mount parallel duplicative efforts.  Moreover, if not stayed, the Company could be forced to take positions in this action that could be binding on it in the Consolidated Securities Class Action.  A stay of these proceedings is particularly appropriate given the early stage of the proceedings.  See, e.g., Cucci v. Edwards, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007).

> **ii.     This Action is Contingent on the Outcome of the Consolidated Securities Class Action, Warranting a Stay or Dismissal**

This action depends, at least in part, on the outcome of the Consolidated Securities Class Action.  Courts have recognized that a stay is appropriate where a derivative action is contingent on the outcome of a federal securities action in that it seeks, at least in part, to recover for any liability the corporation may face in the securities action.  See, e.g., Brenner v. Albrecht, C.A. No. 6514-VCP, 2012 WL 252286, at *6 (Del. Ch. Jan. 27, 2012); Brudno v. Wise, C.A. No. 19953, 2003 WL 1874750, at *4 (Del. Ch. April 1, 2003).  In such circumstances, the full extent of damages in the derivative action cannot be known until the securities action is resolved. Brenner, 2012 WL 252286, at *6.  This view is based on the ripeness doctrine, which in part

10

protects litigants who otherwise "may find themselves unable to litigate intelligently if they are forced to grapple with hypothetical possibilities rather than immediate facts." Id. (quoting Dana Corp. v. LTV Corp., 688 A.2d 752, 755-56 (Del. Ch)). Indeed, the Company "deserve[s] to know, for example, the extent of [a company's] prospective exposure when making strategic decisions during the course of litigation such as how vigorously to defend an action and, relatedly, how much to spend on defense." Id. Under such circumstances, the dependent derivative action should be resolved after the securities action is resolved. Id.

The contingent nature of these claims favors a stay of these proceedings. The scope of the harm, and any damages flowing from any finding of harm, will largely be resolved in the Consolidated Securities Class Action. As previously stated, Plaintiffs' claims in this action are based on the same underlying conduct at issue in the Consolidated Securities Class Action. For example, Plaintiffs allege that the Company has been harmed by, among other things, "costs already incurred defending against the pending securities class actions, and potential liability therefrom." (Dkt.# 15 at 48(c).) Plaintiffs also seek to recover damages for the "any fines that are **a result** of the Company's violations of the federal securities laws" (id. at 48(e) (emphasis added)) -- thereby essentially acquiescing that this metric of purported damages is contingent upon the outcome of the Consolidated Securities Class Action. It also bears mention that discovery in the Consolidated Securities Class Action has itself been stayed pending resolution of the Criminal Matter, so a stay of this action will help assure that it does not get ahead of the Consolidated Securities Class Action, on which this action is dependent.

Not only would the lack of ripeness justify a stay; it also warrants dismissal of this action without prejudice pending resolution of the Consolidated Securities Class Action. Ripeness is a prerequisite for this Court to exercise subject matter jurisdiction over an action under Fed. R.

11

Civ. P. 12(b)(1).  At least one court has so concluded under circumstances similar to those here,

holding that where "the claim of damages is contingent on the outcome of a separate, pending

lawsuit, the claim is not ripe and the complaint must be dismissed.  Any liability for those

alleged federal securities law violations has yet to be established, damages, if any, have yet to be

determined, and such claims by Plaintiffs are not ripe." In re Facebook, Inc., IPO Sec. & Deriv.

Litig., MDL No. 12–2389. No. 13 Civ. 2830, 2013 WL 6798160, *22 (S.D.N.Y. Dec. 22, 2013)

(citations omitted) (finding that Plaintiffs' claims were predicated on the resolution of a pending

securities class action and granting Nominal Defendant's motion to dismiss).

### iii.    Judicial Economy Favors Staying this Action

Judicial economy will be served by staying this action because this action and the

Consolidated Securities Class Action are based on similar underlying facts.  Both actions assert

claims based on the Old Board's alleged misrepresentations in press releases and SEC filings

regarding research on Anatabloc® and a purported affiliation with Johns Hopkins University.

(See, e.g., Dkt.# 15 at ¶¶2-3, 32-36; Reuter Action Dkt.# 39 at ¶¶71-90.)  Both actions also allege

that the members of the Old Board concealed private placements and related-party transactions.

(See, e.g., Dkt.# 15 at ¶¶4-5, 8, 52; Reuter Action Dkt.# 39 at ¶¶12, 69.)

Additionally, both actions will likely rely on many of the same witnesses and evidence.

The individual defendants, as members of the Old Board, may be witnesses in both actions.  In

fact, Williams and Perito are named as defendants, along with Star Scientific and others, in the

Consolidated Securities Class Action.  (Reuter Action Dkt.# 39 at ¶¶21-22.)  As for evidence, the

complaints in both actions specifically rely on some of the same documents.  For example, both

actions allege that the defendants made misrepresentations in a March 15, 2012 10K SEC filing

and a June 27, 2012 press release.  (Dkt.# 15 at ¶¶32, 34; Reuter Action Dkt.# 39 at ¶¶45, 83,

85.)  Both actions also allege that the falsity of the defendants' representations was revealed in a

January 23, 2013, article published in The Street.  (Dkt.# 15 at ¶¶3, 37; Reuter Action Dkt.# 39

at ¶¶7, 94.)  Thus, because this action overlaps with the Consolidated Securities Class Action,

judicial economy will be served by staying this action.

      Although the parties are not identical in this action and the Consolidated Securities Class

Action, complete identity of claims or parties is not necessary in order to favor a stay for

purposes of judicial economy.  See In re Groupon Deriv. Litig., 882 F. Supp. 2d 1043, 1049-50

(N.D. Ill. 2012) ("Although the class action contains different plaintiffs and additional

defendants, the parties in both cases need not be perfectly aligned for the court to issue a stay.");

In re Ormat Techs. Inc., No. 3:10-CV-00177-ECR-RAM, 2011 WL 3841089, at*5 (D. Nev. Aug.

29, 2011) ("The fact that Plaintiffs in this case are not lead plaintiffs in the Securities Class

Action, and that there are additional defendants in this case, do not require a finding that a stay is

not warranted.").  Rather, the inquiry focuses on whether the claims arise from similar

underlying facts and will rely on similar evidence and witnesses.  See Cucci, 2007 WL 3396234,

at *2 (concluding that derivative and securities class action arose from "same or closely related

transactions, happenings or events, and thus will call for the determination of the same or

substantially related questions of fact"); In re Ormat, 2011 WL 3841089, at *5 ("The difference

in claims arises from the nature of each action, that is, the way in which all shareholder

derivative actions differ from securities actions."); In re Groupon, 882 F. Supp. 2d at 1051

("Although the class and derivative actions are based on different legal claims, the underlying

issues are similar.").

      Finally, this Court had already granted a stay of discovery in this action pending

resolution of the Criminal Matter.  (Dkt.# 41.)  Discovery in the Consolidated Securities Class

Action has also been stayed pending resolution of the Criminal Matter. (Reuter Action Dkt.# 81.) Functionally, it will conserve judicial resources to stay all of the proceedings in conjunction with the stay of discovery in order to allow complete litigation of all of the issues when the discovery stay has been lifted, and again, to prevent this action from getting ahead of the Consolidated Securities Class Action, on which this action is dependent.

**iv.      Plaintiffs will not be Unduly Prejudiced if the Court Stays this Action**

Courts have recognized that the conflict that arises from the simultaneous prosecution of a derivative action and securities action, along with the potential to minimize any harm to the derivative-plaintiff through, for example, the availability of pre-judgment interest and availability of relevant overlapping discovery from the securities action, is sufficient to justify staying a derivative action. See, e.g., Brenner, 2012 WL 252286, at *7; In re Groupon, 882 F. Supp.2d at 1049.

Here, the Plaintiffs will not be unduly prejudiced by a stay. As noted above, the scope of the harm to the Company, and any damages flowing from any finding of harm, will be largely resolved in the Consolidated Securities Class Action. Further, to the extent Plaintiffs contend that they will suffer prejudice through the delay of the prosecution of this action, such delay may be minimized by the availability of pre-judgment interest and overlapping discovery from the Consolidated Securities Class Action. Thus, on balance, the above factors weigh heavily in favor of granting this Motion.

14

## **CONCLUSION**

For the foregoing reasons, the Company respectfully requests that this Court enter an

Order staying or dismissing all of the proceedings in this action pending resolution of the

Consolidated Securities Class Action.

Date: February 3, 2014                          Respectfully submitted,

*/s/ R. Scott Caulkins*
R. Scott Caulkins, Esq., VSB No. 23584
CAULKINS & BRUCE, PC
2300 Wilson Blvd., Suite 240
Arlington, VA 22201
Telephone: (703) 558-3664
Facsimile: (703) 525-1331
scaulkins@caulkinsbruce.com

*Pro Hac Vice pending*:

Kurt Michael Heyman, DE Bar No. 3054
Proctor Heyman LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Telephone: 302-472-7302
Facsimile: 302-472-7320
kheyman@proctorheyman.com

Dawn Kurtz Crompton, DE Bar No. 5579
Proctor Heyman LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Telephone: 302-472-7317
Facsimile: 302-472-7320
dcrompton@proctorheyman.com

*Counsel for Nominal Defendant Star Scientific, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jessica Diane Aber
US Attorney Office (Richmond)
600 E Main St
18th Fl
Richmond, VA 23219
804-819-5400
Fax: 804-771-2316
Email: Jessica.D.Aber@usdoj.gov

Daniel M Cohen
Cuneo Gilbert & LaDuca LLP (Alex)
106-A South Columbus Street
Alexandria, VA 22314
(202) 789-3960
Fax: (202) 789-1813
Email: danielc@cuneolaw.com

Amy Jo Eldridge
K & L Gates (DC)
1601 K St NW
Washington, DC 20006-1600
202-778-9000
Fax: 202-778-9100
Email: amy.eldridge@klgates.com

John E. Prominski , Jr.
Miles & Stockbridge PC (McLean)
1751 Pinnacle Dr
Suite 500
Tysons Corner, VA 22102-3833
(703) 610-8653
Email: jprominski@milesstockbridge.com

*/s/ R. Scott Caulkins*
R. Scott Caulkins